NO. 07-06-0481-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 27, 2007



______________________________




JORGE SANCHEZ, III, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 110TH DISTRICT COURT OF FLOYD COUNTY;



NO. 4239; HONORABLE WILLIAM P. SMITH, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Pursuant to a guilty plea, on February 2, 2005, Appellant, Jorge Sanchez, III, was
convicted of retaliation and punishment was assessed at 10 years confinement, suspended
in favor of ten years community supervision, and a $1,000 fine. On November 1, 2006, the
State filed its Amended Motion to Revoke alleging that Appellant had violated numerous
conditions of community supervision. At the hearing on the State's motion, Appellant
pleaded true to violating his curfew, but pleaded not true to the remaining allegations. The
State presented evidence after which the trial court found that sufficient evidence was
presented to grant the State's motion. The court then revoked Appellant's community
supervision and assessed punishment at eight years confinement. In presenting this
appeal, counsel has filed an Anders (1) brief in support of a motion to withdraw. We grant
counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under
the controlling authorities, there is no error in the court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the
brief to Appellant and informed Appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that he notified Appellant of his right to
review the record and file a pro se response if he desired to do so. The Clerk of this Court
also advised Appellant by letter of his right to file a response to counsel's brief. Appellant
did not file a response. Neither did the State favor us with a brief.

 At the motion hearing, the State presented evidence that Appellant failed to report
by mail for the months of June, July, and August 2006, and that he failed to perform eight
hours of monthly community service for March, April, May, June, July, August, and
September 2006. Evidence was also presented that he failed to fully pay restitution and
fees, evaded arrest, and was in possession of marihuana. See Cobb v. State, 851 S.W.2d
871, 874 (Tex.Crim.App. 1993). See also Moore v. State, 605 S.W.2d 924, 926
(Tex.Crim.App. 1980). 

 Appellant, his girlfriend, and his mother testified to refute the State's allegations. 
Appellant denied any knowledge of the marihuana and explained that it was difficult for him
to comply with the conditions of community supervision due to transportation problems and
financial hardships. Following the presentation of evidence, the trial court announced there
was sufficient evidence to support revocation. Additionally, Appellant's plea of true to
violating curfew, standing alone, supports the trial court's judgment revoking community
supervision. See Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). 

 We have independently examined the entire record to determine whether there are
any non-frivolous grounds which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record and
counsel's brief, we agree that the appeal is frivolous. See Bledsoe v. State, 178 S.W.3d
824 (Tex.Cr.App. 2005).

 Accordingly, counsel's motion to withdraw is granted (2) and the trial court's judgment
is affirmed.

 Patrick A. Pirtle

 Justice


 

Do not publish. 

1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. In granting counsel's motion to withdraw, however, we remind counsel of the
"educational" duty to inform the Appellant of this Court's decision and of his right to file a 
pro se petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens,
206 S.W.3d 670 (Tex.Crim.App. 2006).